972 F.2d 355
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
John F. TIFFANY; Donna M. Tiffany, Appellants,
v.
NORWEST BANK of DES MOINES, NA; Brenton State Bank of
Jefferson; Robert D. Taha; United States
Trustee, Appellees.
 No. 92-1252.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 22, 1992.
Filed: August 3, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 John F. Tiffany, a Chapter 7 debtor, appeals from the district court's[1] affirmance of the final decree entered by the bankruptcy court.[2] We affirm.[3]
 
 
 2
 Tiffany asserts the bankruptcy court erred in closing the estate, essentially for two reasons. First, the trustee used, for tax reporting purposes, Tiffany's personal social security number on estate bank accounts. Second, the trustee abandoned certain property so that the subsequent foreclosure sale would be attributed to Tiffany rather than the estate. The trustee's actions, Tiffany argues, will subject him to tax liability and prevent him from getting a "fresh start" after the bankruptcy.
 
 
 3
 We have carefully reviewed each of Tiffany's claims and find them to be without merit. First, the bankruptcy court kept the proceedings open upon learning of the tax question, and did not close the estate until informed that corrected tax forms had been issued. Tiffany did not challenge the reports about the corrected forms and has provided nothing on appeal to indicate that the forms were not filed. The bankruptcy court had sufficient evidence upon which to close the estate and to deny Tiffany's request for reimbursement. Second, the bankruptcy court did not err in denying Tiffany's objection to the trustee's abandonment of property. In a recent case where a debtor argued that the estate should bear the tax liability for the sale of abandoned property, we held that when the trustee abandons property, title reverts to the debtor and a subsequent sale is a taxable event for the debtor. See In re Olson, 930 F.2d 6, 8 (8th Cir. 1991) (per curiam).
 
 
 4
 Judgment affirmed.
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa
 
 
 [2]
 The Honorable Russell J. Hill, United States Bankruptcy Judge for the Southern District of Iowa
 
 
 [3]
 We grant Brenton State Bank's motion to be dismissed because Tiffany's claims are directed only against the trustee, and Brenton is not a proper party to the appeal